UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

APRIL CHAMBERS.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C18-5873 RJB

ORDER REVERSING AND REMANDING DENIAL OF BENEFITS

## I.     INTRODUCTION

Plaintiff April C. seeks review of the denial of her application for supplemental security income ("SSI") benefits. Plaintiff contends the Administrative Law Judge ("ALJ") erred in evaluating the opinions of Curtis Greenfield, Psy.D., and Bryan Zolnikov, Ph.D. Pl. Op. Br. (Dkt. # 9) at 1. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.     BACKGROUND

**A.    Procedural History**

This is the fourth time this matter has been before the Court. Plaintiff filed for SSI benefits on February 18, 2010. Administrative Record ("AR") (Dkt. # 7) at 72, 137-40. Plaintiff

alleged a disability onset date of October 1, 1999. *Id.* at 137. The Social Security Administration denied her claims initially and on reconsideration. *Id.* at 69-73.

On March 13, 2012, following a hearing, ALJ Rebekah Ross issued a decision denying Plaintiff's claim for disability benefits. *Id.* at 20-30. The Appeals Council denied review, and Plaintiff sought review before this Court. *See id.* at 685-87.

On October 7, 2014, Judge Barbara Rothstein entered an order adopting the report and recommendation from Magistrate Judge Karen Strombom. *Id.* at 671-84. The Court reversed and remanded the matter for further administrative proceedings, finding that ALJ Ross erred in evaluating the opinions of examining doctors Aaron Hunt, M.D., and Mary Lemberg, M.D. *Id.*

The matter was again heard by an ALJ on August 11, 2015. *Id.* at 604-45. ALJ Robert Kingsley at that time took testimony from medical expert Herbert Tanenhaus, M.D. *Id.* at 609-26, 889. On October 8, 2015, ALJ Kingsley issued a decision again denying Plaintiff's claim for disability benefits. *Id.* at 581-97. Plaintiff returned to this Court for review. *See id.* at 993-1001.

On June 6, 2016, Magistrate Judge Brian Tsuchida issued a decision reversing and remanding ALJ Kingsley's decision. *Id.* Magistrate Judge Tsuchida found that ALJ Kingsley did not err in discounting the opinions of Dr. Hunt and Dr. Lemberg, correcting ALJ Ross's errors. *See id.* at 995-98. Magistrate Judge Tsuchida found, however, that ALJ Kingsley erred in discounting the opinions of examining psychologist Alex Crampton. Psy.D. *Id.* at 998-1001.

ALJ Kelly Wilson held a third hearing on October 21, 2016. *Id.* at 935-66. On January 5, 2017, ALJ Wilson issued a decision denying Plaintiff's claim for disability benefits. *Id.* at 901-27. Yet again, Plaintiff sought this Court's review. *See id.* at 1302-04.

On August 28, 2017, the undersigned issued a decision reversing ALJ Wilson's decision and remanding the matter for further administrative proceedings. *Id.* at 1306-12. The

undersigned held that ALJ Wilson did not err in discounting Dr. Crampton's opinions, but did err in evaluating the opinions of examining psychologist Curtis Greenfield, Psy.D. *Id.*

On remand, ALJ Andrew Grace again denied Plaintiff's claim for disability benefits. *See id.* at 1203-33.

**B.  The ALJ's Decision**

Utilizing the five-step disability evaluation process, 20 C.F.R. § 416.920, ALJ Grace found that Plaintiff had not been under a disability, as defined in the Social Security Act, since February 18, 2010, the disability application date. *Id.* ALJ Grace determined that Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 416.967(c), except that she was limited to simple, routine, repetitive tasks; low stress work, meaning work requiring few decisions or changes; no public contact; occasional superficial contact with coworkers; occasional contact with supervisors; and work that could be performed at a standard, as opposed to strict production rate, pace. *Id.* In reaching this determination, ALJ Grace considered and partially rejected opinions from Dr. Greenfield and examining psychologist Bryan Zolnikov, Ph.D. *See id.* at 1227-29, 1230-31.

The Appeals Council did not assume jurisdiction of the case, and Plaintiff did not file written exceptions to the ALJ's decision within 60 days of its issuance. *See* Compl. ¶ 4.1. The ALJ's decision thus became the Commissioner's final decision. *See* 20 C.F.R. § 416.1484(d).

### III.  DISCUSSION

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). The ALJ is responsible for determining credibility, resolving conflicts in medical

testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

Plaintiff argues that the ALJ erred in evaluating the opinions of Dr. Greenfield and Dr. Zolnikov. Pl. Op. Br. at 1. Both are examining psychologists whose opinions were contradicted, and the ALJ was therefore required to give "specific and legitimate reasons that are supported by substantial evidence in the record" to reject their opinions. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews*, 53 F.3d at 1042). The ALJ could satisfy this requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

**A.    The ALJ Harmfully Erred in Evaluating Dr. Greenfield's Opinions**

Dr. Greenfield examined Plaintiff on August 18, 2015. AR at 1117-21. He conducted a clinical interview and mental status exam. *Id.* Dr. Greenfield opined that Plaintiff was severely limited in her ability to adapt to changes in a routine work setting. *Id.* at 1119. Dr. Greenfield further opined that Plaintiff was markedly limited in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; make simple work-related decisions; ask simple questions or request assistance; communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; and complete a normal work day and week without interruptions

from her psychologically-based symptoms. *Id.*

In the third ALJ decision on Plaintiff's claims, ALJ Wilson agreed with Dr. Greenfield's opinion that Plaintiff was severely limited in her ability to adapt to changes in a routine work setting, but rejected the remainder of Dr. Greenfield's opinions. *Id.* at 922-24.

The undersigned held that ALJ Wilson erred because her RFC did not fully account for Dr. Greenfield's opinion that Plaintiff was severely limited in her ability to adapt to changes:

> The ALJ believed that she incorporated that limitation into the RFC, which limited plaintiff to work with no more than routine or occasional adaptation to changes, no high-paced manufacturing-style production, and the ability to control her own workflow during the workday. However, Dr. Greenfield's report explicitly stated that a "severe limitation" meant "the inability to perform the particular activity in regular competitive employment or outside of a sheltered workshop."

*Id.* at 1310 (quoting *id.* at 1119). The ALJ thus "tacitly rejected Dr. Greenfield's opinion that plaintiff was unable to adapt to changes." *Id.* at 1311.

On remand, ALJ Grace rejected all of Dr. Greenfield's opinions that Plaintiff was severely or markedly limited in her work abilities. *Id.* at 1227-29. ALJ Grace separately analyzed Dr. Greenfield's opined limitations, and the Court will do the same.

1. <u>Plaintiff's Ability to Adapt to Changes in a Routine Work Setting</u>

ALJ Grace first rejected Dr. Greenfield's opinion that Plaintiff was severely limited in her ability to adapt to changes. *Id.* at 1227. ALJ Grace determined that the evidence contradicted Dr. Greenfield's opinion because Plaintiff had been adapting to changes in her life, such as caring for her ill mother with little assistance from her family. *Id.*

The ALJ's analysis is not a reasonable interpretation of the evidence. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1200-02 (9th Cir. 2008). Plaintiff's testimony and the record evidence regarding taking care of her mother does not line up with ALJ Grace's analysis.

1 Plaintiff drove her mother to appointments at times, but also had people from the Cancer Society
2 take her mother to appointments. *See* AR at 1248.  Plaintiff helped her mother with medications,
3 but testified that her mother was able to handle most of that on her own.  *Id.*  Plaintiff testified
4 that if her mother needed medication, Plaintiff would wait for her daughter to get home so they
5 could get the medication together.  *Id.* at 1247.  Plaintiff testified that she had a caregiver she
6 would call once or twice a day to help with her mother.  *Id.* at 1257.  The records from Greater
7 Lakes Mental Healthcare—which ALJ Grace cited to support his point—do not establish that
8 Plaintiff cared for her mother alone or to a degree that would contradict Dr. Greenfield's
9 opinions.  *See id.* at 1227.  If anything, they show that Plaintiff had difficulty coping with her
10 mother's care.  *See id.* at 1458, 1460-61, 1505, 1513.  The ALJ thus erred in his rejection of this
11 portion of Dr. Greenfield's opinions.

      2.    <u>Plaintiff's Ability to Perform Activities Within a Schedule, Maintain Regular Attendance, and Complete a Normal Work Day or Week Without Interruptions from Her Psychological Symptoms</u>

14 ALJ Grace next rejected Dr. Greenfield's opinion that Plaintiff was markedly limited in
15 her ability to perform activities and maintain regular attendance, and his opinion that Plaintiff
16 could not complete a normal work day or week without interruptions from her psychological
17 symptoms.  *Id.* at 1228.  ALJ Grace reasoned that these opinions were not supported by Dr.
18 Greenfield's clinical findings, were contradicted by Dr. Hunt and Dr. Tanenhaus's findings, and
19 were contradicted by the fact that Plaintiff had been able to attend her own medical appointments
20 as well as her mother's cancer treatments.  *Id.*
21 The ALJ erred in rejecting these two opinions.  The ALJ's statement that Dr. Greenfield's
22 opinions were not supported by his clinical findings fails to meet the specificity required to reject
23 Dr. Greenfield's opinions.  *See Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) ("To say

that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim.").

ALJ Grace similarly erred in rejecting Dr. Greenfield's opinions by referencing Dr. Hunt and Dr. Tanenhaus's opinions. Dr. Hunt made different observations than Dr. Greenfield during his evaluation, but reached a similar conclusion, that Plaintiff would struggle to participate in a regular work day. *See* AR at 490. Dr. Tanenhaus did not evaluate Plaintiff, and the fact that he disagreed with Dr. Greenfield is not a specific reason to reject Dr. Greenfield's opinions. That shows only that ALJ Grace had a conflict to resolve, but he needed to give specific and legitimate reasons for how he resolved it. *See Lester*, 81 F.3d at 830-31.

ALJ Grace further erred in rejecting Dr. Greenfield's opinions on Plaintiff's ability to work within a normal schedule based on Plaintiff's ability to attend medical appointments. Plaintiff's ability to attend medical appointments on a far less frequent basis than a full-time job requires does not contradict Dr. Greenfield's opinions.

Moreover, as discussed above, the ALJ erred in rejecting Dr. Greenfield's opinions based on Plaintiff's care for her ill mother. *See supra* Part III.A.1. The ALJ consequently erred in rejecting Dr. Greenfield's opinions on Plaintiff's ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances without special supervision, and complete a normal work day or week without interruptions from her psychologically-based symptoms.

3. <u>Plaintiff's Ability to Make Simple Work-Related Decisions</u>

ALJ Grace rejected Dr. Greenfield's opinion that Plaintiff was markedly limited in her ability to make simple work-related decisions because it was not supported by clinical findings,

and Plaintiff's mental status exams with her providers at Sea Mar Community Health Center were generally normal. *Id.* at 1228-29.

As before, ALJ Grace erred in rejecting Dr. Greenfield's opinion here by stating merely that it was not supported by his clinical findings. *See supra* Part III.A.2. Likewise, the ALJ erred in rejecting Dr. Greenfield's opinions on the vague basis that treatment notes from Sea Mar were generally normal. ALJ Grace did not cite to any specific records supporting his sentiment, and did not explain how any such records contradicted Dr. Greenfield's opinions. An ALJ's rejection of a physician's opinion on the ground that it is contrary to clinical findings in the record is "broad and vague," and fails "to specify why the ALJ felt the . . . physician's opinion was flawed." *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). It is not the job of the reviewing court to comb the administrative record to find specific conflicts. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). The ALJ thus erred in rejecting Dr. Greenfield's opinion that Plaintiff was markedly limited in her ability to make simple work-related decisions.

4. <u>Plaintiff's Ability to Ask Simple Questions, and Communicate, Perform Effectively, and Maintain Appropriate Behavior in a Work Setting</u>

ALJ Grace rejected Dr. Greenfield's opinions that Plaintiff was markedly limited in her ability to ask simple questions or request assistance, communicate and perform effectively in a work setting, and maintain appropriate behavior in a work setting. *Id.* at 1229. Once again, ALJ Grace determined that these opinions were not adequately explained or supported by Dr. Greenfield's clinical findings, and were inconsistent with Plaintiff's overall treatment record. *Id.*

The ALJ's reasoning here fails just as it did with respect to Dr. Greenfield's prior opinions. ALJ Grace did not explain how Dr. Greenfield's clinical findings contradicted or failed to support his opinions. *See supra* Part III.A.2. And the ALJ's generic reference to inconsistency with the overall treatment record fails to satisfy the specific and legitimate

standard required to rejecting an examining physician's opinions. *See McAllister*, 888 F.2d at 602. The ALJ therefore erred in rejecting Dr. Greenfield's opinions that Plaintiff was markedly limited in her ability to ask simple questions or request assistance, communicate and perform effectively in a work setting, and maintain appropriate behavior in a work setting.

In sum, ALJ Grace erred with respect to each of Dr. Greenfield's opinions that he rejected. These errors were necessarily harmful because the RFC—and thus the ultimate disability determination—likely would have been different had the ALJ properly considered these opinions. *See Hill v. Astrue*, 698 F.3d 1153, 1162-63 (9th Cir. 2012).

**B.     The ALJ Harmfully Erred in Evaluating Dr. Zolnikov's Opinions**

Dr. Zolnikov examined Plaintiff on January 24, 2017. AR at 1426-34. Dr. Zolnikov opined that Plaintiff was severely limited in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision. *Id.* at 1427. Dr. Zolnikov further opined that Plaintiff was markedly limited in her ability to perform routine tasks without special supervision; ask simple questions or request assistance; communicate and perform effectively in a work setting; complete a normal work day and week without interruptions from psychologically-based symptoms; and set realistic goals and plan independently. *Id.* at 1427-28.

ALJ Grace gave Dr. Zolnikov's opinions partial weight. *Id.* at 1230-31. He rejected Dr. Zolnikov's opinions that found Plaintiff markedly or severely limited in certain work activities but accepted Dr. Zolnikov's opinions that found Plaintiff to have mild or no difficulties in other work activities. *Id.* In rejecting Dr. Zolnikov's marked and severe limitations, ALJ Grace reasoned that these opinions were not well supported by—and were in some cases contradicted by—the medical evidence, and were contradicted by Plaintiff's daily activities, particularly

caring for her ill mother. *Id.*

Neither of ALJ Grace's reasons for rejecting Dr. Zolnikov's opinions withstand scrutiny. First, like his analysis of Dr. Greenfield's opinions, ALJ Grace again failed to point to any specific medical evidence contradicting Dr. Zolnikov's opinions. The Court will not search the record for such conflicts, and none are immediately apparent. *See Burrell*, 775 F.3d at 1138.

Second, the Court has already thoroughly explained ALJ Grace's error in analyzing Plaintiff's care for her mother. *See supra* Part III.A.1. The ALJ could not reasonably reject Dr. Zolnikov's opinions on this basis.

The ALJ's errors were again necessarily harmful. Had ALJ Grace properly considered Dr. Zolnikov's opinions, his RFC determination likely would have been different, and the disability determination may well have been different. *See Hill*, 698 F.3d at 1162-63.

**C.    Scope of Remand**

Plaintiff requests that the Court remand this case for further administrative proceedings. Pl. Op. Br. at 1. Because the Court has found that the ALJ harmfully erred and Plaintiff has made no effort to seek remand for an award of benefits, the Court will grant Plaintiff's requested relief. *See Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017).

On remand, the ALJ must reevaluate the opinions of Dr. Greenfield and Dr. Zolnikov. The ALJ must reassess the disability determination and conduct further proceedings as necessary in light of this opinion.

//

//

//

//

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 6th day of May, 2019.

ROBERT J. BRYAN
United States District Judge